0870

Sam SMALLS, Jr., Respondent v. David S. WEED as Rehabilitator for the Cherokee Insurance Company, Appellant.

(360 S. E. (2d) 531)

Court of Appeals

*Robert A. McKenzie* of *McDonald, McKenzie, Fuller, Rubin and Miller,* Columbia, *for appellant.*

*David A. Fedor* and *David E. Massey,* Columbia, *for respondent.*

Heard Feb. 2, 1987.

Decided Aug. 24, 1987.

## ORDER ON RECONSIDERATION

*Per Curiam:*

Our original opinion in this case, *Smalls v. Weed,* 291 S. C. 258, 353 S. E. (2d) 154 (Ct. App. 1987), was remanded by the Supreme Court to consider the issue of whether "S. C. Code Ann. Sections 38-5-1810 through -2500 (1985) deprived the trial court of subject matter jurisdiction." *Smalls v. Weed,* 292 S. C. 408, 356 S. E. (2d) 843 (1987). Because we determine the South Carolina courts have subject matter jurisdiction over this action, we hereby supplement our original opinion affirming the judgment.

Weed argues that South Carolina's version of the Uniform Insurer's Liquidation Act (UILA), Sections 38-5-1810 *et seq.,* deprives the courts of this State of authority to hear Smalls' causes of action for breach of contract, bad faith refusal to pay insurance benefits, and outrage. Weed argues that under the UILA South Carolina and Tennessee are reciprocal states and, therefore, jurisdiction must be compatible with Article 13, Chapter 5 of Title 38 of our Code.

We agree with Weed that South Carolina and Tennessee are reciprocal states under the UILA. Under our Code Section 38-5-1830(P), "reciprocal state" means any state other than this state in which "in substance and effect Sections 38-5-2070(A), 38-5-2430, 38-5-2440 and 38-5-2460 through

38-5-2480 are in force, and in which provisions are in force requiring that the Commissioner or equivalent official be the receiver of a delinquent insurer, and in which some provision exists for the avoidance of fraudulent conveyances and preferential transfers." We find South Carolina and Tennessee to be reciprocal states since Tennessee has equivalent statutory provisions to our Section 38-5-2070(a) regarding liquidation orders, Section 38-5-2430 providing a domiciliary liquidator of a foreign insurer title to South Carolina assets and providing claims may be filed with the domiciliary liquidator or the ancillary liquidator, Section 38-5-2440 allowing the Insurance Commissioner to appoint an ancillary receiver, Section 38-5-2460 dealing with claims by residents against foreign insurers and by non-residents against domestic insurers, and Section 38-5-2480 which prohibits actions in the nature of levys or attachments. Tennessee also has equivalent provisions for designation of the Commissioner of Insurance as the receiver, and allowing for avoidance of preferential transfers.

Since South Carolina and Tennessee are reciprocal states, Weed argues certain Code Sections mandate these claims be brought in the Tennessee court. First, he maintains this suit is within Section 38-5-2430(C) which provides in part: "Claimants residing in this State may file claims with the liquidator or ancillary receiver, if any, in this State or with the domiciliary liquidator. . . ." Secondly, Weed argues this case falls within the operation of Section 38-5-2470, which states in part:

A. In a liquidation proceeding in a reciprocal state against an insurer domiciled in that state, claimants against the insurer who reside within this State may file claims either with the ancillary receiver, if any, in this State, or with the domiciliary liquidator. . . .

B. Claims belonging to claimants residing in this State may be proved either in the domiciliary state under the law of that state, or in ancillary proceedings, if any, in this State. . . .

Weed argues that, absent the appointment of an ancillary receiver in this State, Smalls could not assert or prove his claim in a South Carolina court. Thus, he asserts, since there

are no ancillary proceedings in this State, the South Carolina court has no subject matter jurisdiction to hear Smalls' claims.

Under the general rule, statutes which deprive a court of jurisdiction are to be strictly construed, and must be examined in light of the object of the enactments, the purposes they are to serve, and the mischief they are to remedy, bearing in mind that the operation of such statutes must be restrained within narrower limits than their words import. *United States v. American Bell Tel. Co.*, 159 U. S. 548, 16 S. Ct. 69, 40 L. Ed. 255 (1895); 3A N. Singer, *Sutherland Statutory Construction*, Section 67.03 (4th ed. 1986); *see also Virginian Ry. Co. v. System Federation No. 40*, 84 F. (2d) 641 (4th Cir. 1936), *aff'd*, 300 U. S. 515, 57 S. Ct. 592, 81 L. Ed. 789 (1937) (statutes in derogation of court's equity powers are to be strictly construed). Moreover, any legislation which is in derogation of common law must be strictly construed and not extended in application beyond the clear legislative intent. *Crowder v. Carroll*, 251 S. C. 192, 161 S. E. (2d) 235 (1968); *Major v. National Indemnity Co.*, 267 S. C. 517, 229 S. E. (2d) 849 (1976). With these principles of statutory construction in mind, we turn now to an analysis of the Act to determine whether our courts are indeed deprived of jurisdiction to hear Smalls' claims against the foreign domiciliary rehabilitator.

The South Carolina version of the UILA is denominated the Insurers Supervision, Rehabilitation and Liquidation Act. The purpose of the Act is in part to provide "improved methods for rehabilitating insurers" and "enhanced efficiency and economy of liquidation" and "lessening the problems of interstate rehabilitation and liquidation by facilitating cooperation between states in the liquidation process." Code Section 38-5-1810(D)(2), (3), (5). To ensure cooperation between states and facilitate the rehabilitation process, the Act provides for "Actions by and against [a] rehabilitator." Code Section 38-5-2040. Under this Section:

A. Any court in this State before which any action or proceeding in which the insurer is a party or is obligated to defend a party is pending when a rehabilitation order against the insurer is entered shall stay the action

or proceeding for ninety days and such additional time as is necessary for the rehabilitator to obtain proper representation and prepare for further proceedings. The rehabilitator shall take such action respecting the pending litigation as he deems necessary in the interests of justice and for the protection of creditors, policyholders, and the public. The rehabilitator shall immediately consider all litigation pending outside this State and shall petition the courts having jurisdiction over that litigation for stays whenever necessary to protect the estate of the insurer.

Thus, in the case of actions pending when an order of rehabilitation is filed, the Act provides for a stay of ninety days or such additional time as is necessary for the rehabilitator to prepare for further proceedings to protect the estate of the insurer. The Act does not, however, prevent a person from bringing an action against a rehabilitator.

In contrast to Section 38-5-2040 governing actions by and against a rehabilitator, Section 38-5-2130 provides for "Actions by and against [a] liquidator." This Section provides in part:

A. Upon issuance of an order appointing a liquidator of a domestic insurer or of an alien insurer domiciled in this State, no action at law or equity shall be brought against the insurer or liquidator, whether in this State or elsewhere, nor shall any such existing actions be maintained or further presented after issuance of such order. The courts of this State shall give full faith and credit to injunctions against the liquidator or the company or the continuation of existing actions against the liquidator or the company. . . .

Thus, Section 38-5-2130 provides that, in contrast to the provision staying pending actions against a company which goes into rehabilitation, upon issuance of an order for a liquidation proceeding, neither pending nor new actions may be maintained.

In the present case, Cherokee Insurance Company is in rehabilitation proceedings, not liquidation proceedings, for which Weed has been appointed rehabilitator. While "liquidation" contemplates the end of corporate

existence, "rehabilitation" involves the continuance of corporate life and activities, and is an effort to restore and reinstate the corporation to its former condition of successful operation and solvency. *New York Title & Mortgage Co. v. Friedman,* 153 Misc. 697, 276 N. Y. S. 72 (1934). Where a statute uses a word having a well-recognized meaning in law, the presumption is that the Legislature intended to use the word in that sense. *Coakley v. Tidewater Construction Corp.,* 194 S. C. 284, 9 S. E. (2d) 724 (1940). Moreover, where the same word is used more than once in a statute it is presumed to have the same meaning throughout unless a different meaning is necessary to avoid an absurd result. *Busby v. State Farm Mutual Automobile Insurance Co.,* 280 S. C. 330, 312 S. E. (2d) 716 (Ct. App. 1984).

It is apparent that the Act provides for one procedure in actions involving a rehabilitator, and for a different procedure against a liquidator. The Act, moreover, is divided into separate sections concerning grounds for rehabilitation (Section 38-5-2010), grounds for liquidation (Section 38-5-2060), rehabilitation orders (Section 38-5-2020), liquidation orders (Section 38-5-2070), powers and duties of rehabilitator (Section 38-5-2030), and powers of liquidator (Section 38-5-2100).

The primary rule of construction, to which all other rules for statutory construction are subservient, requires that the legislative intent must prevail if it can reasonably be discovered in the language used construed in light of the intended purpose. *Beaufort County v. Jasper County,* 220 S. C. 469, 68 S. E. (2d) 421 (1951); *see Morgan v. South Carolina DSS,* 280 S. C. 577, 313 S. E. (2d) 350 (Ct. App. 1984). In construing statutory language, the statute must be read as a whole, *Busby v. State Farm Mutual Automobile Insurance Co., supra,* and sections which are part of the same general statutory law of the state must be construed together, and each one given effect, if it can be done by any reasonable construction. *State v. Fidelity & Deposit Co. of Maryland,* 114 S. C. 511, 104 S. E. 182 (1920). Construing the statute as a whole in an attempt to determine the legislative purpose in its enactment, we find the legislature clearly intended to provide, and has provided, separate procedures for actions against companies in rehabilitation and com-

panies in liquidation. Weed's assertion, therefore, that Smalls' actions are barred in South Carolina under provisions such as Section 38-5-2470, which concern actions against *liquidators*, is in error.

Weed furthermore argues that Code Section 38-5-1840(B) supports his position. This Section, entitled "Jurisdiction and Venue," provides that:

No court of this State shall have jurisdiction to entertain, hear or determine any complaint praying for the dissolution, liquidation, rehabilitation, sequestration, conservation or receivership of any insurer, or praying for an injunction or restraining order or other relief preliminary to, incidental to or relating to such proceedings other than in accordance with this article.

He claims, therefore, that jurisdiction of the whole field, "including the claim of the Respondent against the Appellant domiciliary liquidator of a Tennessee insurer, must be compatible with Article 13, Chapter 5 of Title 38 of The Code of Laws of South Carolina (1976)."

Weed apparently argues that Smalls' actions fall within "relief ... incidental to or relating to such proceedings...." We find this Section inapplicable. This is not an action regarding or relating to the institution of rehabilitation proceedings. It is merely an action against an insurance company which happens to be in rehabilitation. This Section therefore seeks only to ensure that no delinquency proceedings shall be commenced or entertained except as provided for in this statute.

Since we find no statutory provision which deprived the South Carolina courts of subject matter jurisdiction to hear Smalls' actions against the rehabilitator in this case, the order of the trial court is again

Affirmed.